# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IVETTA SMITH,<br>    **Plaintiff**<br>v.<br><br>AMAZON.COM SERVICES LLC,<br>    **Defendant.** | §<br>§<br>§<br>§  CIVIL ACTION NO._____<br>§<br>§<br>§  DEMAND FOR JURY TRIAL |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff IVETTA SMITH ("SMITH" or "Plaintiff"), files her original complaint against Defendant AMAZON.COM SERVICES LLC ("AMAZON" or "Defendant").

### A. PARTIES

1. The Plaintiff, IVETTA SMITH, is an African American woman with an ADA recognized disability who resides within the jurisdiction of this court in Houston Harris County, Texas.

2. The Defendant, AMAZON.COM SERVICES LLC is a corporation that conducts business in Harris County, Texas and is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services, LLC. may be served with process through its registered agent, Corporation Service Company dba Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620. Austin, Texas 78701-3218.

3. Plaintiff at all times herein relevant was an employee of the Defendant and began her employment with Amazon in July of 2017 in Houston, Texas.

4. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every Defendant was the agent or employee of the employer AMAZON. In doing the things alleged in the causes of action, each and every Defendant was acting with the consent, permission, and authorization of the employer, AMAZON. All actions of each Defendant in each cause of action were ratified and approved through either action or lack of action by the Defendant's Human Resources Representatives, Managers, and Corporate officers who knew or should have known of the statutory violations reported by the Plaintiff herein to the Defendant.

## B. JURISDICTION AND VENUE

5. This case is brought under 42 U.S.C. § 12101 American with Disabilities Act of 1990 (ADA), 42 USC § 12203 ADA Prohibition Against Retaliation and Coercion, and Title VII of the Civil Rights Act of 1964 (Title VII). This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. This Court has supplemental jurisdiction over any claim by the Plaintiff for state violations under Chapter 21 of the Texas Labor Code and any common law causes of action arising out of the same case or controversy as the civil action over which this Court has original jurisdiction. 28 U.S.C. § 1367(a).

7. The unlawful employment practices described herein were committed in the Southern District of Texas, and upon information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff was wrongfully terminated on Nov 7, 2019. She timely filed a charge of discrimination against Defendant with the Houston Equal Employment Opportunity Commission (EEOC) on Nov 12, 2019. Due to no fault of the Plaintiff, this charge was not investigated by the EEOC and was dismissed three days later on November 15, 2019 against Plaintiff's request to investigate the charge. Applying the mailbox rule and excluding the five legally recognized holidays allotted Under FRCP 6(a)6, Plaintiff timely files this complaint within 90 days after *receiving* a notice of right to sue from the EEOC.

9. Plaintiff attempted to exhaust all her available administrative remedies to do an internal appeal with the employer prior to filing this lawsuit and in the process experienced retaliation from the Defendant. Plaintiff has a separate EEOC charge pending with the EEOC for those separate retaliatory actions. Plaintiff anticipates amending this complaint if the EEOC issues a Right to Sue letter for that issue prior to the close of discovery in this case.

### D. FACTUAL BACKGROUND

10. Smith went to work for AMAZON in its warehouse located in Houston Texas on July 23, 2017.

11. To Smith's knowledge, she performed her position satisfactorily and did not receive any poor performance reviews/evaluations.

12. Plaintiff had been employed with Defendant for nearly two years before she was involuntarily moved to a different area and began feeling recurring neuropathy issues in her

Case 4:20-cv-00631 Document 1 Filed on 02/21/20 in TXSD Page 4 of 9

hands. Plaintiff requested an accommodation and received one after submitting medical documents for her disability and need for an accommodation for her thyroid condition and neuropathy that is a recognized disability by the ADA.

13. Defendant knew of this disability because plaintiff requested and was given an accommodation that was discussed with Human Resources and her manager.

14. Plaintiff made Defendant aware that the new position she was involuntary moved to affected her disability. This was a job task/position for which she did not bid or request a transfer. She was not told why she was moved to this new area.

15. She produced multiple documents that showed she had a disability involving her thyroid and neuropathy which made it difficult to do the repetitive movement for more than 5 consecutive hours in the new position to which she was assigned.

16. Plaintiff received the accommodation for several weeks and then Defendant suddenly stopped the accommodation it once allowed without giving a reason to Ms. Smith, even though other employees without disabilities were allowed to do the former task she was doing in her accommodation.

17. After her accommodation was removed and she was involuntarily reduced to only working a 5-hour shift, Smith began receiving multiple write ups for performance which her manager brought to her in the work area. The interruptions by her manager also affected her production. He was removing her from the production line while she was working to talk to her about her low production write up she had to sign in the work area on an iPad. The very method in which the managers issued performance disciplinary letters to her directly

Ivetta Smith v. Amazon.com Services LLC. – Plaintiff's Original Complaint    4

interfered with her productivity numbers and contributed to the low productivity performance.

18. She was never given a copy of the physical write up she signed on the iPad nor was she informed of the appeal policy when she received these performance documents while employed with the Defendant.

19. Shortly thereafter, Smith emailed Human Resources multiple times regarding the unjust 50% reduction of her scheduled shift from 10 hours per day to 5 hours per day. She also emailed Human resources regarding the multiple write ups alleging low productivity after she was removed from the accommodation to inform them she was expected to produce like the 10-hour shift employees, but was only working 5 hours.

20. After several email communications, Smith did not receive any formal training specifically tailored to help improve her productivity nor did she get a response as to why her accommodation was removed and her hours were reduced.

21. Smith subsequently sent an email specifically stating she felt she was being discriminated against because of her disability. No one responded to her email regarding her report of discrimination. She was terminated allegedly for performance shortly after sending that email reporting discrimination.

### E. FIRST CLAIM FOR RELIEF (42 U.S.C. §§12102, 12111(8)). AMERICANS WITH DISABILITIES ACT

22. Plaintiff realleges and incorporates the allegations contained in paragraph 10 through 21 above.

23. Plaintiff is an employee within the meaning of the ADA.

24. Defendant is an employer within the meaning of the ADA, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

25. Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of her disability. Defendant's discriminatory acts include:

   a) Assigning Plaintiff to an accommodation for several weeks and then abruptly refusing to allow Plaintiff to work with the accommodation without just cause or proving the accommodation was an undue burden.

   b) Reducing Plaintiff's hours from 10 hours to 5 hours although the accommodation was to only do repetitive tasks for 5 hours. Defendant had other tasks and positions that did not require repetitive motion to which Plaintiff could have been assigned for the remaining 5 hours of her shift.

26. Smith had an actual disability within the meaning of the ADA and Chapter 21 of the Texas Labor Code. AMAZON had an obligation to reasonably accommodate the disability. While AMAZON initially did so by allowing Smith to work her regular 10-hour shift and only do repetitive work for half of her shift, AMAZON abruptly stopped the accommodation without cause and without proving undue hardship. AMAZON failed to continue the accommodation and cannot prove the accommodation was an undue hardship on the company.

27. Alternatively, AMAZON regarded Smith as disabled within the meaning of the ADA and Chapter 21 of the Texas Labor Code, or was aware that she had a record of disability

within the meaning of the ADA and Chapter 21 of the Texas Labor Code. Plaintiff believes AMAZON terminated her because it regarded her as disabled or due to her record of disability.

28. AMAZON violated the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code. As such, AMAZON is liable to Smith for back pay, plus reinstatement, or alternatively front pay, compensatory, and punitive damages in the amount of the applicable cap, attorneys' fees, pre and post-judgment interest as provided by law, and all costs of court.

### F. SECOND CLAIM FOR RELIEF 42 USC § 12203 and 42 U.S.C. 2000e
### ADA and TITLE VII PROHIBITION AGAINST RETALIATION

29. Plaintiff realleges and incorporates the allegations contained in paragraph 1 through 10 above.

30. The ADA and Title VII both have are statutes that protect employee who engage in protected activity and report discrimination to their employers.

31. Plaintiff can show she was an employee of the Defendant 2) that she participated in protected activity 3) and that she received an adverse employment action after the protected activity. She can also prove a causal connection based on the Fifth Circuit's test between the protected activity and the adverse employment action. One of the actions considered as retaliatory is a wrongful termination of the employee who reports the discrimination.

32. AMAZON violated the ADA, Chapter 21 of the Texas Labor Code, and Title VII. As such, AMAZON is liable to Smith for back pay, plus reinstatement, or alternatively front pay, compensatory and punitive damages in the amount of the applicable cap, attorneys' fees, pre and post-judgment interest as provided by law, and all costs of court.

## G. DAMAGES

33. As a direct and proximate result of Defendant's conduct, plaintiff suffered the following injuries and damages.

   a.   loss of income to support her family

   b.   Plaintiff suffered loss of her pension or retirement benefits

   c.   she lost money that would have been deposited into her 401K and including loss of Social Security benefits.

   f.   Plaintiff suffered mental anguish and emotional distress

   g.   and the loss wages from the reduction of hours from 10-hour shifts to 5-hour shift before she reported discrimination and was ultimately terminated.

## H. ATTORNEY FEES & COSTS

34. Plaintiff is requesting an award of attorney fees and costs under 42 U.S.C. §12205.

## I. DEMAND FOR JURY TRIAL

35. Plaintiff hereby requests a jury trial for all claims.

## J. JURY DEMAND

36. Plaintiff demands a trial by jury.

## K. PRAYER

37. For the foregoing reasons, Defendant should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Back pay;

(2) Reinstatement or in the alternative front pay;

(3) Compensatory damages;

(4) Punitive damages;

(5) Attorneys' fees;

(6) Pre- and post-judgment interest as provided by law;

(7) All costs of court; and

(8) Any other relief to which Plaintiff may be entitled.

(9) All other relief the Court deems appropriate.

Respectfully Submitted,
The Ford 4 Justice Law Firm, PLLC

*/s/ Theressa F. Ford*
_____
ATTORNEY THERESSA FORD
State Bar No. 24100092
Federal I.D. No. 3027971
2600 S. LOOP WEST SUITE 200
HOUSTON, TEXAS 77054
Phone: (281) 788-7148
Fax:    (281) 809- 7182
tford@ford4justice.com
Attorney for Plaintiff - Ivetta Smith